UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BONNIE SUE WILKINS, )
)
PLAINTIFF, )
)
vs. ) CASE NO. 16-CV-425-FHM
)
NANCY A. BERRYHILL, Acting )
Commissioner of the Social Security )
Administration, )
)
DEFENDANT. )

**OPINION AND ORDER**

Plaintiff, Bonnie Sue Wilkins, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

---

[1] Plaintiff, Bonnie Sue Wilkins' applications for disability insurance benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Jeffrey S. Wolfe, was held July 28, 2014. By decision dated December 17, 2014, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 5, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 48 years old on the alleged date of onset of disability and 53 years old on the date of the denial decision. She completed the 10th grade and received her General Education Diploma (GED). Plaintiff's past work experience includes CNA, housekeeper, concessions worker, and institutional cook. [R. 20, 78-79]. Plaintiff claims to have been unable to work since January 1, 2010 due to rheumatoid arthritis, diabetes, diabetic neuropathy, high blood pressure, severe migraines, chronic pain, depression, and anxiety. [R. 88-89, 209-18, 233].

## The ALJ's Decision

The ALJ determined that the Plaintiff's severe impairments include diabetes mellitus; mild osteoarthritis; degenerative joint disease of right knee, status-post right knee arthroscopy; hypertension; depression; dysthymia; and anxiety. [R. 13]. The ALJ further determined that Plaintiff has the residual functional capacity (RFC) to perform light exertional

work.[2] Plaintiff cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. She can frequently balance, occasionally bend, stoop, crouch, and kneel, but cannot crawl. Plaintiff is limited to simple, unskilled work, and can only have infrequent contact with the general public. [R. 15]. The ALJ determined that Plaintiff could not return to her past relevant work but found based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 251, 253]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to properly evaluate the medical opinion evidence; and 2) the residual functional capacity (RFC) assessment pertaining to standing and walking was not supported by substantial evidence. [Dkt. 18, p. 6].

## **Analysis**

### Medical Opinion Evidence

Plaintiff argues that the ALJ erred in his analysis of the opinion of state agency non-

---

[2] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

examining psychologist, Dr. SDS[3], restricting Plaintiff to superficial coworker interaction. Plaintiff also argues the ALJ disregarded the limitation of the number of coworkers Plaintiff may interact with. Further, because the vocational expert was not given an opportunity to address the effect a limited amount of coworker interaction would have on the jobs relied upon to deny Plaintiff benefits, the error is not harmless. [Dkt. 18, p. 11].

On November 13, 2013, at the reconsideration level, Dr. SDS opined that Plaintiff could understand, remember, and carry out simple and some complex instructions with routine supervision; could relate to supervision and a limited number of coworkers on a superficial work basis; a moderate limitation in relating to the general public; and can adapt to a work environment. [R. 130-36]. The ALJ stated he gave "great" weight to the opinion of Dr. SDS to the extent Plaintiff was capable of performing simple work tasks with limited public contact. The ALJ determined, however, that the medical evidence did not support a limitation of superficial contact with supervisors and coworkers and gave "little" weight to that limitation. [R. 20].

On March 30, 2012 a consultative psychological examination was performed by Dr. Beth Jeffries, Ph.D., who diagnosed Plaintiff with dysthymia[4]. [R. 472-76]. Plaintiff reported that she quit work 3 years prior due to chronic pain. Plaintiff indicated she had received mental health care in the past but was not receiving treatment at the present time. Plaintiff

---

[3] Plaintiff argued in her Opening Brief that the ALJ erred by failing to properly evaluate state agency psychologist's Dr. PMM's May 2012 opinion noting she was moderately limited in her abilities to complete a normal schedule and perform at a consistent pace. [Dkt. 18, p. 9-10; R. At 20, 98-99, 113-14]. Plaintiff withdrew that argument in her Reply Brief based upon *Smith v. Colvin,* 821 F.3d 1264, 1268-69 (10th Cir. 2006) wherein the Tenth Circuit found such limitations were accommodated by a restriction to simple tasks. [Dkt. 21, p. 2].

[4] Dysthymia is sometimes referred to as mild, chronic depression. It is less severe and has fewer symptoms than major depression. www.webMD.com.

did not have any problems with activities of daily living. Dr. Jeffries noted that Plaintiff's speech was within normal limits, she had good eye contact, grooming was neat and clean, judgment and insight appeared intact, and she applied the appropriate attention and energy to all tasks asked of her. [R. 473-74]. Dr. Jeffries opined that Plaintiff had the ability to concentrate over an 8-hour workday and a 40-hour workweek; could manage pace and flexibility within a work setting; ability to socialize with the public and interact with coworkers and supervisors; and had the ability to understand, remember, and carry out both simple an complex instructions. [R. 474]. The ALJ accorded "great" weight to Dr. Jeffries' opinion, however, to Plaintiff's benefit, found that she could perform simple job tasks with only infrequent contact with the public. [R. 19].

Plaintiff contends that the ALJ's conclusion that there was a lack of medical evidence to support limiting Plaintiff to superficial interactions with supervisors and coworkers is not sufficiently specific to justify rejecting that portion of Dr. SDS's opinion. [Dkt. 18, p. 11-12]. However, the ALJ discussed the medical evidence and testimony that supported his RFC finding including Plaintiff's gap in treatment from 2011 to 2014; the July 2014 mental status examination which revealed Plaintiff was alert and oriented; she had clear speech; she was calm and verbal; she had good eye contact; no thought disorders; and her depressive disorder was stable. [R. 19]. Moreover, Plaintiff reported that she had never been fired or laid off from a job because of difficulty getting along with others. [R. 15, 257].

Plaintiff argues that the ALJ disregarded Dr. SDS' limitation that Plaintiff could relate to a limited number of coworkers on a superficial work basis. [Dkt. 18, p. 11]. The ALJ gave little weight to Dr. SDS' limitation of superficial interaction with supervisors and coworkers, but said nothing about a limited number of coworkers. Thus, the ALJ either forgot to

5

address this limitation or he rejected that portion of Dr. SDS' opinion. Regardless, Plaintiff contends that the ALJ committed harmful legal error. [Dkt. 18, p. 11]. The court disagrees. To the extent that the ALJ discounted Dr. SDS' opinion, his decision to do so was supported by substantial evidence. Moreover, assuming for the sake of argument that the ALJ erred by neglecting to discuss that limitation, that error was not harmful in light of the jobs he identified at Step Five. The jobs identified by the vocational expert in response to the ALJ's hypothetical questioning – sorter (DOT #753.587-010); hand packager (DOT #753.687-038); and laundry press operator (DOT #363.685-026) each have a function assignment of 8 in the "People" category which is described as Function assignment 8 – "Taking Instructions - Helping." As explained at Appendix B to the DOT, "there are nine possible function assignments for the "People" category, and the numbering denotes, from highest (0) to lowest (8), the job's involvement with people. Dictionary of Occupational Titles, App. B—Explanation of Data, People, & Things, 1991 WL 688701. Function assignment 8, "Helping," is defined as "[a]ttending to the work assignment instructions or orders of supervisor. (No immediate response required unless clarification of instructions or orders is needed.) Helping applies to "non-learning" helpers. *Id.* Each of these job descriptions indicate that contact with people is rather limited. The court finds that the evaluation of Dr. SDS' medical report was proper and is supported by substantial evidence. There was no need for the vocational expert to address the effect a limited amount of coworker interaction would have on the jobs relied upon to deny Plaintiff benefits. The ALJ properly presented hypothetical questions to the vocational expert which were appropriately based on the RFC assessment. The hypothetical posed to the vocational expert at the hearing included the limitation as to infrequent contact with the general public. The vocational

6

expert testified as to a substantial number of jobs in the U.S. economy available to Plaintiff, taking into account her limitations.  Hypothetical questions should be crafted carefully to reflect a claimant's RFC, as "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision."  *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.1991) (quotation omitted); see also *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir.1995) (noting "the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record").  Accordingly, the court finds the ALJ's conclusion based on the vocational expert's testimony is supported by substantial evidence.

<u>RFC Determination</u>

Plaintiff argues that the ALJ's RFC assessment for light work was not supportable given Plaintiff's right knee impairment. [Dkt. 18, p. 12-15, R. 15].  Plaintiff contends that her right knee impairment would preclude her from walking and standing at least six hours in an eight hour workday as required by light work.  The Commissioner's position is that even if Plaintiff's argument is correct, she would not meet the twelve month durational requirement. [Dkt. 20, p. 13].

In February 2014 Plaintiff complained of pain to her right knee.  An MRI revealed a tear of the anterior horn and body of the lateral meniscus, and mild chondromalacia. [R. 537-39, 572, 575-77].  As discussed by the ALJ, on May 14, 2014 Plaintiff underwent a right knee arthroscopy with abrasion chondroplasty of patella, partial synovectomy, and partial lateral meniscectomy. [R. 523-24].  On May 27, 2014 Plaintiff was doing fine although she still had pain with mechanical symptoms, popping, and catching in the knee.  Plaintiff had

7

full range of motion with full extension and only minor difficulties on the extremes of flexion. Plaintiff was advised that it was a three to four month recovery and that while she had quite a bit of underlying arthritis and would most likely continue to have some symptoms, hopefully over the next month to month and one half her symptoms would begin to resolve. [R. 516]. In June 2014 Plaintiff received a right knee Synvisc-One injection for degenerative joint disease which she tolerated well. [R. 17, 515]. No further treatment was received until five months later.

Plaintiff claims the Handicapped Parking Placard Application completed by an unknown physician on October 2, 2014 and medical evidence submitted to the Appeals Council links her impairment to the relevant period. [Dkt. 18, p. 14]. Although the new evidence was not before the ALJ, the Tenth Circuit has ruled that "new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

The checked box on the handicapped placard application states the applicant "[c]annot walk 200 feet without stopping to rest." [R. 817]. The checking of a box on the application, standing alone, does not qualify as a medical opinion. Further, office notes from October 23, 2014 indicate that Plaintiff's right knee was better after an injection she received earlier that month, however, her low back and knee began to hurt after she fell off her sister's porch the previous week. [R. 825-26]. Medications were prescribed and Plaintiff did

not seek further treatment until February 4, 2015. [R. 824].

The court has reviewed the medical records submitted to the Appeals Council and finds that, even considering these records, the ALJ's decision is supported by substantial evidence. As defendant argues, this evidence does not satisfy the duration requirement of 42 U.S.C. §423(d)(1)(A) or 20 C.F.R. §§ 404.1509, 416.909. "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). Accordingly, the court sees no error in the ALJ's residual functional capacity determination.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 21st day of August, 2017.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE